J. A21034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HAL HARRIS, | : | No. 3397 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Dated November 7, 2018,
in the Court of Common Pleas of Pike County
Criminal Division at No. CP-52-CR-0000246-2015

BEFORE: BOWES, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              **FILED AUGUST 09, 2019**

Hal Harris appeals *pro se* from the November 7, 2018 order entered in the Court of Common Pleas of Pike County that denied his "Petition/Motion for Complete Exemplified Record & Certified Copies of Trial Exhibits Entered Into Evidence During Jury Trial." We dismiss this appeal.

By way of background, in September 2017, appellant was acquitted of 69 counts of sexual abuse. Following his acquittal, appellant filed a petition for expungement. The trial court granted appellant's petition and entered the expungement order on December 12, 2017. Appellant then filed a motion for reconsideration, followed by two supplements, alleging several errors and/or omissions in the expungement order. The trial court denied appellant's motion. Appellant then appealed the December 12, 2017 expungement order

to this court. *Commonwealth v. Harris*, 2019 Pa.Super.LEXIS 528, 2019 WL 227520 (Pa.Super. 2019).

On appeal to this court, appellant raised seven claims of error wherein he alleged certain errors and/or omissions in the expungement order. *See id.* This court granted appellant relief on four of those claims and found the remaining claims meritless. Accordingly, on May 29, 2019, this court vacated the December 12, 2017 expungement order and remanded with instructions to the trial court to enter a new expungement order that corrected those errors and omissions. *Id.* Appellant has filed a petition for allowance of appeal from the May 29, 2019 decision.

According to appellant, the trial court entered an amended expungement order "with blinding speed" on May 31, 2019. ("Appellant's Application For Relief: 1) To Compel Trial Court To Supplement Certified Record With All Trial Exhibits Admitted In Evidence During The Public Jury Trial Below. [sic] And, 2) For Continuance of Oral Argument," 7/24/19 at ¶ 58.) Appellant has now appealed that decision at No. 2149 EDA 2019.

While appellant's appeal of the December 12, 2017 expungement order was pending in this court, appellant filed with the trial court his "Petition/Motion for Complete Exemplified Record & Certified Copies of Trial Exhibits Entered Into Evidence During Jury Trial." In the November 7, 2018 order denying that petition, the trial court stated that "[a]bsent a directive from the Superior Court, [the trial court] will not produce the record, as we

have already directed the above captioned matter to be expunged pursuant to our [expungement o]rder dated December 7th, 2017." (Order of court, 11/7/18.) The November 7, 2018 order is the subject of this appeal, and appellant seeks a directive from our court compelling the trial court to produce the complete record and certified copies of the trial exhibits from appellant's September 2017 trial. We decline appellant's request.

Appellant has successfully challenged the extent of his expungement order and to what agencies or offices it should be directed.[1] Appellant had available to him, prior to filing the expungement petition, the entire trial court record for his review. The filing of his motion for expungement may well have resulted in some offices and agencies already destroying some of the records he seeks. Therefore, appellant must accept some responsibility for his inability to access various records. As noted by the trial court, appellant may well have access to the information and record materials he desires through his trial attorney. Moreover, as set forth by the trial court, appellant is not entitled to production of a transcript without payment, and the trial court is not obligated to create a local rule to accommodate him.

Following supreme court action on appellant's petition for allowance of appeal, appellant may then raise any issues relative to agency and court office

---

[1] The only issue considered by the prior panel was the extent of the expungement order.

disposition of his trial record and procedures for expungement. His request and this appeal are premature.

Appeal dismissed. Application for relief to compel trial court to supplement certified record denied. Appellant's application for relief to continue oral argument is denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/19